## BREEN v. RIVES.

(Supreme Court, Appellate Division, First Department. April 9, 1897.)

REAL-ESTATE AGENT—COMMISSIONS.
The employment of a real-estate agent with reference to a particular sale to be made to a person named does not authorize the agent afterwards to sell to another person.

Appeal from trial term, New York county.

Action by James A. Breen against Reginald W. Rives to recover for services alleged to have been rendered by the plaintiff as a broker in procuring a purchaser for defendant's premises No. 37 Dey street, in the city of New York. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and PARKER, JJ.

Stephen H. Olin, for appellant.
Leonard Bronner, for respondent.

PER CURIAM. There was no evidence to warrant the submission of this case to the jury. The contract set up in the complaint, and sought to be proved, is said to have been made in May, 1894; but the correspondence fails to establish any employment by the defendant of the plaintiff as a broker at that time, or with reference to the sale then made. It is quite true that in 1890 the defendant authorized the plaintiff to sell the property, and agreed to give him commissions if he did so. But that authorization was made with reference to a particular sale to one person named in the contract, and to nobody else; and, as stated by Breen in his letter of May 8, 1894, those negotiations fell through and terminated. His subsequent letter asking for a new authority to sell this property presupposed that the former authority had expired. He practically so states in his letter of May 8th. And Mr. Rives' agents, to whom Breen was referred, in answer to his renewed application for power to sell made in May, 1894, expressly stated that the owner did not wish it offered for sale, nor put upon the books of any broker. Whatever the plaintiff did after that by way of selling this property must have been done for the person who employed him to buy it; and he could not in any way, by virtue of any act subsequently done, charge the defendant with the payment of commissions.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.